IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZACHARIAH CHIAIA, J-39143,                    )
                                              )
                    Petitioner,               )     No. C 08-3867 SBA (PR)
                                              )
        vs.                                   )     ORDER DENYING PETITION
                                              )     FOR A WRIT OF HABEAS
ANTHONY HEDGPETH, Warden,                     )     CORPUS
                                              )
                    Respondent.               )
_____      )

        Petitioner, a state prisoner at the California Training Facility in Soledad

(CTF), seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the

California Board of Parole Hearings' (BPH) February 27, 2007 decision to deny

him parole on the ground that his continued confinement violates the Eighth

Amendment.  Per order filed on April 27, 2009, the court found that the petition,

when liberally construed, appeared to state a cognizable claim under § 2254 and

ordered respondent to show cause why a writ of habeas corpus should not be

granted.  Respondent has filed an answer to the order to show cause and

petitioner has filed a traverse.

                              **BACKGROUND**

        On October 3, 1994, petitioner was convicted of second degree murder in

Santa Barbara County Superior Court and was sentenced to an indeterminate

prison term of 15 years to life.

Petitioner has been found not suitable for parole each time he has appeared before the BPH.  On February 27, 2007, petitioner appeared before a BPH panel for a subsequent parole consideration hearing and again was found not suitable for parole.

Petitioner challenged the BPH's February 27, 2007 decision in the state superior, appellate and supreme courts.  After the Supreme Court of California denied petitioner's final state habeas petition on June 11, 2008, he filed the instant federal petition for writ of habeas corpus under § 2254.

**DISCUSSION**

A.    <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." <u>White v. Lambert</u>, 370 F.3d 1002, 1009-10 (9th Cir. 2004).  Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  <u>Id</u>. at § 2254(d).  Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision

2

1    applied clearly established federal law erroneously or incorrectly.  Rather, that
2    application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 411
3    (2000).

4        While circuit law may provide persuasive authority in determining
5    whether the state court made an unreasonable application of Supreme Court
6    precedent, the only definitive source of clearly established federal law under 28
7    U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme
8    Court as of the time of the state court decision.  Id. at 412; Clark v. Murphy, 331
9    F.3d 1062, 1069 (9th Cir. 2003).

10   B.    Claim and Analysis

11       Petitioner seeks federal habeas corpus relief from the BPH's February 27,
12   2007 decision finding him not suitable for parole, and denying him a subsequent
13   hearing for four years, on the ground that his continued confinement has rendered
14   his sentence disproportionate to his individual culpability for his commitment
15   offense in violation of the Eighth Amendment.  The claim is without merit.

16       "The Cruel and Unusual Punishments Clause prohibits the imposition of
17   inherently barbaric punishments under all circumstances."  Graham v. Florida,
18   130 S. Ct. 2011, 2021(2010).  Torture, for example, falls into this category and is
19   forbidden by the Eighth Amendment.  Id.  But for the most part, the Supreme
20   Court's precedents consider punishments challenged not as inherently barbaric
21   but as disproportionate to the crime.  Id.

22       The Eighth Amendment's proportionality principle is a "narrow" one.  Id.
23   It "does not require strict proportionality between crime and sentence," but rather
24   forbids only "extreme sentences that are grossly disproportionate to the crime."
25   Id.  Outside the context of capital punishment, successful challenges to the
26   proportionality of particular sentences will be exceedingly rare.  Solem v. Helm,

27

28                                        3

1  463 U.S. 277, 289-90 (1983).

2        For the purposes of review under 28 U.S.C. § 2254(d), it is clearly

3  established that "[a] gross proportionality principle is applicable to sentences for

4  terms of years." Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Gonzalez v.

5  Duncan, 551 F.3d 875, 882 (9th Cir. 2008).  Prior to Graham, but after Andrade

6  and Ewing v. California, 538 U.S. 11 (2003), as is the case here, the "only

7  relevant clearly established law amenable to the 'contrary to' or 'unreasonable

8  application of' [AEDPA's] framework is the gross disproportionality principle,

9  the precise contours of which are unclear and which is applicable only in the

10  "exceedingly 'rare' and 'extreme' case." Norris v. Morgan, 622 F.3d 1276, 1286

11  (9th Cir. 2010) (quoting Andrade, 538 U.S. at 72).  But at a minimum, "it was

12  clearly established . . . that in applying [the] gross disproportionality principle

13  courts must objectively measure the severity of a defendant's sentence in light of

14  the crimes he committed." Id. at 1287.

15        Petitioner is not entitled to federal habeas relief because the state courts'

16  rejection of his Eighth Amendment claim was not contrary to, or involved an

17  unreasonable application of, the gross disproportionality principle.  See 28 U.S.C.

18  § 2254(d).  Although petitioner claims that he is the least culpable of three co-

19  defendants convicted in the 1993 murder of Louis Altmark, he was lawfully

20  convicted of second-degree murder and lawfully sentenced to 15 years to life.

21  Even if that sentence effectively turns out to be a sentence of life without parole,

22  it cannot be said to violate the Eighth Amendment.  Put simply, a sentence of life

23  without parole for murder does not raise an inference of gross disproportionality.

24  See Harris v. Wright, 93 F.3d 581, 584 (9th Cir. 1996); see also Solem, 463 U.S.

25  at 290 n.15 ("no sentence of imprisonment would be disproportionate" to felony

26  murder).

27

28                               4

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.  And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

DATED:  9/8/11

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ZACHARIAH CHIAIA,

                Plaintiff,

    v.

M S EVANS et al,

                Defendant.

Case Number: CV08-03867 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Zachariah  Chiaia J-39143
CTF North - Lassen Hall - LA 146
P.O. Box 0705
Soledad,  CA 93960-0705

Dated: September 12, 2011

                Richard W. Wieking, Clerk
                By: LISA R CLARK, Deputy Clerk

6

1
2
3
4
5
6
7
8
9      G:\PRO-SE\SBA\HC.08\Chiaia08-3867.denial.wpd
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28